**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3094
_____

631 NORTH BROAD STREET, LP,
Appellant
v.

COMMONWEALTH LAND TITLE INSURANCE COMPANY

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-17-cv-02805)
District Judge: Hon. J. Curtis Joyner

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 20, 2019

_____

Before: McKEE, SHWARTZ, and FUENTES, *Circuit Judges*.

(Opinion filed: July 26, 2019)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge.*

Appellant 631 North Broad Street, LP appeals the District Court's grant of summary judgment in favor of Appellee Commonwealth Land Title Insurance Company ("Commonwealth"). For the reasons that follow, we will affirm the District Court's grant of summary judgment.[1]

631 LP alleges (1) Commonwealth breached its insurance policy by failing to defend 631 LP in the underlying litigation; (2) Commonwealth was estopped from refusing to defend 631 LP because it defended the owner of the neighboring property; and (3) that Commonwealth's breach constituted a violation of Pennsylvania's Bad Faith Statute, 42 Pa. C.S. § 8371.

In granting summary judgment, the District Court relied on the following undisputed facts: (1) 631 LP did not have a survey performed prior to purchasing the Property and (2) the underlying litigation arose from a wall on the southern border of the Property which extends approximately five inches onto a neighboring parcel.

The Policy's coverage extended only to the borders of the 631 Property, as described in Schedule A of the Policy, and "does not include any property beyond the lines of the area described in Schedule A."[2] The Court concluded that Commonwealth had no duty to defend 631 LP because the underlying litigation from which 631 LP requested coverage resulted from property outside the Policy.

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291.

[2] *631 N. Broad St., LP v. Commonwealth Land Title Ins. Co.*, No. 17-02805, 2018 WL 4051798, at *1 (E.D. Pa. Aug. 23, 2018).

Moreover, the Policy's survey exception excused Commonwealth from paying 631 LP's costs, attorney's fees, or expenses which arose by reason of "easements, encroachments, overlaps, shortages of area, boundary line disputes and other matters affecting title that an accurate and complete survey would disclose."[3] Thus, the District Court reasoned that Commonwealth did not breach the Policy even if it had a duty to defend 631 LP because the underlying litigation involved an encroachment or boundary dispute that a complete and accurate survey would have disclosed.

We agree that the record demonstrates that Commonwealth did not breach the Policy because it had no duty to defend.

As for 631 LP's estoppel claim, we agree with the District Court's determination that the doctrine of quasi-estoppel[4] is not applicable because "Commonwealth's decision to defend [the owner of the neighboring property] in the [u]nderlying [litigation] does not constitute an inconsistent position with its decision to deny coverage to 631 LP."[5] Moreover, since the Court correctly concluded that Commonwealth had no duty to defend, there could be no bad faith claim against Commonwealth.

Accordingly, we will affirm the District Court's grant of summary judgment in favor of Commonwealth, and its denial of 631 LP's cross-motion substantially for the reasons given by the District Court in its August 24, 2018 opinion.

---

[3] *Id.* at *2.
[4] "The doctrine of 'quasi-estoppel operates to bar a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken by that party.'" *Id.* at *8 (citing *Sheehan v. Mellon Bank, N.A.*, No. CIV. A. 95-2969, 1996 WL 571779, at *6 (E.D. Pa. Oct. 3, 1996)).
[5] *631 N. Broad St.*, 2018 WL 4051398 at *8.